**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 07 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE RODRIGUEZ-ALONSO, | No. 07-70025 |
| Petitioner, | Agency No. A093-322-411 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009 [**]

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Jorge Rodriguez-Alonso, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

JTK/Research

process violations in immigration proceedings. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

To the extent Rodriguez-Alonso challenges the BIA's June 29, 2006, order dismissing his underlying appeal, we lack jurisdiction because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

We also lack jurisdiction to review the BIA's denial of Rodriguez-Alonso's motion to reopen, which introduced further evidence of hardship to his United States citizen children. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir. 2006) ("Section 1252(a)(2)(B)(i) . . . bars jurisdiction where the question presented is essentially the same discretionary issue originally decided."). It follows that we lack jurisdiction to review Rodriguez-Alonso's contention that the BIA failed to explain adequately its reasons for denying the motion to reopen. *See id.* at 603-04.

Rodriguez-Alonso's contention that the BIA violated due process by mischaracterizing the immigration judge's weighing of the evidence is unavailing.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**